IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | : | |
| v. | : | Civil Action No. |
| THE REAL PROPERTY LOCATED AT<br>507 WEATHERBY ROAD<br>BEL AIR, MARYLAND 21015,<br>    Defendant | :<br><br>: | |

: : : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against real property constituting or derived from proceeds traceable to a violation of 18 U.S.C. § 1349, conspiracy to commit mail and wire fraud, that is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANTS IN REM

2. The Defendant Property consists of the real property known and numbered as 507 Weatherby Road, Bel Air, Maryland 21015 in the name of Kevin Carden with all appurtenances, improvements, and attachments thereon, which are (hereinafter, the "Defendant Property").

3. The Defendant Property has not been seized but it is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the real property defendant at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

1

a. Post notice of this action and a copy of the Complaint on the defendant real property; and

b. Serve notice of this action on the Defendant Property owner, and any other person or entity who may claim an interest in the defendant, along with a copy of this complaint; and

c. If necessary, execute a writ of entry for purpose of conducting an inspection and inventory of the property; and

d. File a lis pendens in county records of the Defendant Property's status as a defendant in this in rem action.

The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real property when and if it executes the Writ of Entry.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981.

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is real property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dominic Palumbo, Special Agent of the Internal Revenue Service, which is incorporated herein by reference

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That the Department of Treasury be authorized to post notice of the pendency of this civil forfeiture case at the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the Department of Treasury dispose of the Defendant Property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

10/6/2014
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

3


## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the facts provided in the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Internal Revenue Service and Federal Bureau of Investigation and that everything contained therein is true and correct to the best of my knowledge and belief.

10/6/2014
Date

Evan T. Shea
Assistant United States Attorney

## Declaration in Support of Forfeiture Complaint

### Purpose of the Declaration

1. This Declaration is submitted in support of a civil forfeiture complaint that names the real property located at 507 Weatherby Road, Bel Air, Maryland 21015 in the name of Kevin Carden (the "Defendant Property").

2. Your declarant submits that the facts laid out below are sufficient to support a reasonable belief that the government will be able to meet its burden to establish that the Defendant Property should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 1349 and § 981 (a)(1)(C), as the Defendant Property is derived from proceeds traceable to a violation of 18 U.S.C. § 1349. Specifically, as laid out below, $54,459.50 in proceeds of a conspiracy to commit mail and wire fraud were used to make mortgage payments with respect to the Defendant Property.

### Declarant

2. Your declarant, Dominic J. Palumbo, Special Agent of the Internal Revenue Service ("IRS") is an "investigative or law enforcement officer" of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Sections 666 and 1951 of Title 18, United States Code.

3. I am a Special Agent with the IRS, Criminal Investigations, and have held this position since January 2010. As a Special Agent, I investigate potential criminal violations of the Internal Revenue Code, also known as Title 26 of the United States Code and other financial offenses as defined in Title 31 and Title 18.

1

4. I attended six months of training at the Federal Law Enforcement Training Center in Glynco, Georgia, where I successfully completed the Criminal Investigations Training Program and the IRS Special Agent Investigative Techniques program. During this training, I developed a working knowledge of the legal system, pertinent criminal statutes, financial investigative techniques, criminal investigation strategies, tax and accounting principles, search warrants, and various other types of enforcement activities and operations.

5. I have participated in the execution of numerous search and seizure warrants in various capacities within and outside of the Eastern District of Pennsylvania, the District of Delaware, and the District of Maryland.

6. Prior to becoming a Special Agent with the IRS, I worked as an investigator for the Financial Industry Regulatory Authority ("FINRA," formerly the National Association of Securities Dealers) for 4 years. At FINRA, I investigated, among other things, stock market manipulation, theft and conversation, sales practice issues as they relate to the suitability of certain types of investments, and firm wide rule violations related the sale of highly complex Auction Rate Securities.

**Facts**

7. I have developed evidence during my investigation that beginning in or about 2000, and continuing through in or about March 2013, in the District of Maryland and elsewhere Beverly and Kevin Carden (the "Cardens") converted to their use funds that the clients of their company, AccuPay Inc., had transferred to AccuPay for payment of the clients' taxes.

8. AccuPay, Inc. was a payroll service company operated by the Cardens and located at 206 E. Churchville Road, Bel Air, Maryland 21014.

2

9.  I have learned from my investigation that part of the payroll services that AccuPay provided to its clients was to (1) complete and file state and federal tax returns on behalf of its clients; (2) collect from the clients' funds to pay state and federal taxes those clients owed, and (3) pay those funds over to the appropriate state and federal taxing authority.

10. Bank records that I have collected reflect that the Cardens obtained funds from the clients of AccuPay. I have learned through my investigation that the Cardens promised AccuPay's clients that the Cardens would pay funds to the appropriate taxing authority for AccuPay's clients' payroll taxes.

11. Bank records and records obtained from the IRS, however, reflect that the Cardens paid over only a portion of those funds to the appropriate taxing authority, and retained the remaining portion to use for personal expenses or past due taxes of other clients.

12. Records seized from AccuPay pursuant to a search and seizure warrant issued by a judge on the District Court of Maryland for Hartford County and executed by the Bel Air Police Department in March of 2013 reveal that, to avoid detection, the Cardens represented to AccuPay's clients that the clients' taxes were paid in full.

13. Furthermore, the record seized from AccuPay reflect that the Cardens caused the IRS to send all correspondence related to several of their clients to AccuPay's address instead of the client's, and in so doing prevented those clients from being notified by the IRS that their taxes had not been paid in full.

14. I have determined through my investigation that in furtherance of their scheme to defraud, the Cardens sent letters to the IRS via U.S. mail that contained vague, false, and misleading statements regarding AccuPay's clients' tax payments and caused to be transmitted in

interstate commerce by means of wire communication certain signals, signs, and sounds, related to the transfer of funds from their client's bank accounts to AccuPay's bank accounts and then to their own personal bank accounts and related to email messages from the Cardens to AccuPay's clients containing vague, false, and misleading statements.

15. By executing this scheme to defraud, the Cardens obtained at least $2,500,000 from AccuPay's clients and failed to pay that amount over to the appropriate taxing authority.

16. Bank records reflect that from July 2011 through February 2013, AccuPay withdrew from its clients' accounts and placed into AccuPay's account at First Mariner Bank ending in 7513 over $28,000,000 that was to be paid to the IRS and the Comptroller of Maryland for AccuPay's clients' taxes.

17. Bank records further reflect that from January 2011 through February 2013, the Cardens transferred by cash, check, or account transfer over $850,000 from AccuPay's account ending in 7513 to the Carden's personal bank account at First Mariner ending in 9101.

18. From July 2011 through February 2013, the Cardens made mortgage payments from their personal account at First Mariner Bank ending in 9101 to Wells Fargo Mortgage for a mortgage on the Defendant property in the following amounts and on the following dates:

| Date | Amount |
| --- | --- |
| 7/14/2011 | 774.10 |
| 7/28/2011 | 2,723.15 |
| 8/17/2011 | 774.10 |
| 8/18/2011 | 2,613.90 |

4

| Date | Amount |
|---|---|
| 9/13/2011 | 774.10 |
| 9/16/2011 | 2,613.90 |
| 10/18/2011 | 2,813.90 |
| 11/16/2011 | 2,613.90 |
| 12/16/2011 | 2,613.90 |
| 1/17/2012 | 2,613.90 |
| 2/16/2012 | 2,613.90 |
| 3/16/2012 | 2,574.25 |
| 4/17/2012 | 2,574.25 |
| 5/16/2012 | 2,574.25 |
| 6/18/2012 | 2,600.00 |
| 7/17/2012 | 2,574.25 |
| 8/17/2012 | 2,574.25 |
| 9/18/2012 | 2,574.25 |
| 10/17/2012 | 2,574.25 |
| 11/19/2012 | 2,574.25 |
| 12/18/2012 | 2,574.25 |
| 1/17/2013 | 2,574.25 |
| 2/20/2013 | 2,574.25 |
| Total | 54,459.50 |

5

## Conclusion

19. Based on the facts laid out above, I believe that the Cardens conspired with each other and others to execute a scheme to defraud AccuPay's clients and that the Defendant Property is traceable to proceeds that the Cardens obtained from that scheme. I thus believe that there is a reasonable cause to believe that the United States will be able to meet its burden at trial to establish that the Defendant property is subject to forfeiture by a preponderance of the evidence.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE IRS AND FBI, IN REFERENCE TO THE FORFEITURE OF THE REAL PROPERTY LOCATED AT 507 WEATHERBY RD. BEL AIR, MD 21015 ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Date: October 3, 2014.

Dominic Palumbo
Special Agent
Internal Revenue Service
Criminal Investigation

6